# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

May 9, 1973

The Honorable Oscar Mauzy
Chairman, Education Committee
Room G-21, State Capitol
Austin, Texas 78711

Opinion No. H- 37

Re: Whether there exists
a conflict between
Article 54.203 and 55.17,
Texas Education Code,
as to fees that may be
charged veterans.

Dear Senator Mauzy:

As Chairman of the Senate Education Committee, you have cited to us Articles 54.203 and 55.17 of the Education Code, Vernon's Texas Civil Statutes, asking us to advise whether there is a conflict between the two and, if so, which of them is controlling.

Section 54.203 is part of Chapter 54 entitled "Tuition and Fees", and more specifically of sub-chapter D entitled "Exemptions from Tuition". It reads, in part:

"(a) The governing board of each institution of higher education shall exempt the following persons from the payment of all dues, fees and charges, including fees for correspondence courses but excluding property deposit fees, student service fees, and any fees or charges for lodging, board, or clothing, provided the person seeking the exemptions were citizens of Texas at the time they entered the services indicated and have resided in Texas for at least the period of twelve months before the date of registration: [and there are then listed several categories of veterans] . . . ."

Other provisions of Chapter 54 of the Education Code provide for tuition and various fees.

Section 54.203 is a codification of Article 2654b-1, Vernon's Texas Civil Statutes, which originally was enacted in 1933 (Acts 1933, 43rd Leg., Ch. 6, p. 10) and remained substantially unchanged until codified in 1971 as part of the Education Code.

p. 149

Section 55.17 of the Education Code, on the other hand, is in Chapter 55 entitled "Financing Permanent Improvements" and in sub-chapter B entitled "Revenue Bonds and Facilities".  It provides, in applicable part:

> " . . . (c)  Fees for the use by or availability to the students of all or any property, buildings, structures, activities, services, operations, or other facilities, may be pledged to the payment of the bonds, and shall be fixed and collected from all or any designated part of the students enrolled in the institution or institutions, or any branch or branches thereof, in the amounts and in the manner as determined and provided by the board in the resolution authorizing the issuance of the bonds; and said fees may be collected in the full amounts required or permitted herein, without regard to actual use, availability, or existence of any facility, commencing at any time designated by the board.  Said fees may be fixed and collected for the use or availability of the institution or institutions, or any branch or branches thereof.  Such specific and/or general fees may be fixed and collected, and pledged to the payment of any issue or series of bonds issued by the board, in the full amounts required or permitted herein, in addition to, and regardless of the existence of, any other specific or general fees at the institution or institutions, or any branch or branches thereof; provided that each board may restrict its power to pledge such additional specific or general fees in any manner that may be provided in any resolution authorizing the issuance of bonds, and provided that no such additional specific fees shall be pledged if prohibited by any resolution which authorized the issuance of any then outstanding bonds. "

Section 55.17 in turn is based largely on Article 2909C-3, Vernon's Texas Civil Statutes, which was first enacted in 1969 (Acts 1969, 61st Leg., Ch. 763, p. 2264) and amended in 1971 (Acts 1971, 62nd Leg., Ch. 30, p. 54).

The caption to the 1969 Act describes it as a bill, generally, to authorize revenue bonds and fees to retire them.  Neither the Act nor its caption mentions anything about exceptions from those liable for the fees.

Attorney General Opinion M-306 (1968) construed an exemption from payment of student fees allowed by Article 2654b-1, V. T. C. S. , (now § 54.203) against a general enactment (Art. 2654a, now § 54.503), and said:

"The fee exemption granted in Section 1 of Article 2654B-1, quoted supra, is stated in <u>clear and unequivocal language</u>, and has continued un- changed since the original enactment of the statute in 1933. Where the Legislature has expressed it- self so clearly, and has carefully delineated those persons who are to qualify for the exemptions granted, it is artificial logic to conclude that the plain, unqualified words do not mean what they say . . . ."

In our opinion, the two sections do not conflict. Section 55.17 deals with bonds and their retirement with funds raised by fees. It does not specify, in any detail, those who will pay the fees. Section 54.203 has nothing to do with the use of fees. It deals specifically with the question of who will, or more precisely, will not, have to pay those fees. The two are easily reconciled.

Were there a conflict, it would be our opinion that the exemptions created by § 54.203 would prevail despite any contrary language in § 55.17. Our conclusion is based upon the fact that § 54.203 is directly addressed to the question of those who will be exempted from the pay- ment of student fees, whereas § 55.17 is addressed to the financing of improvements and only incidentally, if at all, to the question of who will pay fees; that § 55.17 can be read as applying only to fees paid by non-exempt persons; that in the enactment of § 55.17 and its prede- cessors, there was no indication of any intention to repeal or overrule § 54.203 or to abolish exemptions which had existed under that statute; and that the Legislature, in adopting the Education Code, had before it for its consideration Attorney General Opinion M-306 (1968). Code Construction Act, Article 5429b-2, V. T. C. S.

It is our conclusion, therefore, that the provisions of § 55.17 of the Education Code authorizing the governing boards of institutions of higher education to set fees for the use of buildings and to pledge those fees to the payment of its bonds is subject to the provisions of

§ 54.203 exempting certain classes of persons from the payment of all fees and charges.   You have not asked and we do not answer questions concerning the validity of exemptions where prior to the creation of the exemptions, fees had been pledged as security for the bonds.

## SUMMARY

Those specified in § 54.203, Texas Education Code, as being exempt from the payment of fees and charges, are exempt from the payment of fees and charges created pursuant to § 55.17 having to do with. the pledging of student fees to secure the payment of improvement bonds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee